UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>      Plaintiff,<br><br>    v.<br><br>THE BRAZEN HEN, LLC; THE BLACK SHEEP, LLC; HARP AND HOUND, LLC; and LEO ROCHE,<br><br>      Defendants. | Civil Action No. 2:19-cv-1070<br><br>Injunctive Relief Sought |

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor (the "Secretary") brings this action because three restaurants—Defendants The Brazen Hen, LLC ("Brazen Hen"); The Black Sheep, LLC ("Black Sheep"); and Harp and Hound, LLC ("Harp and Hound") (collectively, the "Restaurants")—and Defendant Leo Roche, a manager of the Restaurants and owner of two of them, have willfully failed to pay their employees the federal minimum wage, failed to pay proper overtime compensation to employees, and failed to keep accurate employment-related records. The Secretary seeks to have the Court enjoin Defendants from violating the provisions of Sections 6, 7, 11, 15(a)(2), 15(a)(3), and 15(a)(5) of the Fair Labor Standards Act of 1938 (the "Act"), 29 U.S.C. §§ 206, 207, 211, 215(a)(2), 215(a)(3), and 215(a)(5), and to recover unpaid wages and liquidated damages pursuant to the provisions of Sections 15(a)(2) and 16(c) of the Act, 29 U.S.C. §§ 215(a)(2) and 216(c).

1

I.

Jurisdiction of this action is conferred upon this Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. § 1331.

II.

Defendant Brazen Hen is, and at all times hereinafter mentioned was, a company having an office and place of business located at 4 Canal St., Westerly, RI 02891, and is now, and at all times hereinafter mentioned was, engaged at that place of business in the operation of a restaurant. Brazen Hen employs certain of the employees who have not received proper compensation under the Act in this case.

III.

Defendant Black Sheep is, and at all times hereinafter mentioned was, a company having an office and place of business located at 247 Main St., Niantic, CT 06357, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that place of business in the operation of a restaurant. Black Sheep employs certain of the employees who have not received proper compensation under the Act in this case.

IV.

Defendant Harp and Hound is, and at all times hereinafter mentioned was, a company having an office and place of business located at 4 Pearl St., Mystic, CT 06355, within the jurisdiction of this Court, and is now, and at all times hereinafter mentioned was, engaged at that

place of business in the operation of a restaurant. Harp and Hound employs certain of the employees who have not received proper compensation under the Act in this case.

V.

Defendant Leo Roche is an owner of Defendants Brazen Hen and Black Sheep. He transacts substantial business on a continuous and systematic basis in this judicial district, within the jurisdiction of this Court. The claims against Defendant Roche in this case arise out of and are directly related to his business activities in Connecticut. Defendant Roche has certain control over the daily operations of the Restaurants, including by performing supervisory functions and determining how many hours employees work. Defendant Roche is and has been an employer of Brazen Hen, Black Sheep, and Harp and Hound's employees within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

VI.

At all times hereinafter mentioned, Defendants were an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), as they engaged in related activities performed through unified operation or common control for a common business purpose.

VII.

At all times hereinafter mentioned, Defendants employed employees in the activities of said enterprise, which is engaged in commerce or in the production of goods for commerce, including having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. Said enterprise, at all times hereinafter mentioned, has had an annual gross volume of sales made or business done in an amount not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

Therefore, said employees have been employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s) of the Act, 29 U.S.C. § 203(s).

VIII.

Since October 13, 2013 or earlier, Defendants have violated the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by employing employees in the Restaurants without paying the minimum wage required under the Act. Therefore, Defendants are liable for minimum wage compensation owed to employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

IX.

Since October 13, 2013 or earlier, Defendants have violated the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in the Restaurants for workweeks longer than forty hours without compensating them at rates not less than one and one-half times the regular rates at which they were employed for hours worked in excess of forty hours in such workweeks. Therefore, Defendants are liable for overtime compensation owed to employees listed in the attached Exhibit A and an equal amount of liquidated damages under Section 16(c) of the Act, 29 U.S.C. § 216(c).

- A. Time records from the Restaurants show that some employees' overtime hours were scratched out by hand and that for those employees during those workweeks no overtime wages were paid through payroll.
- B. The Restaurants failed to pay the overtime premium due under the Act to certain non-exempt salaried cooks.

    C. The Restaurants failed to combine the hours worked by employees at different locations in the same workweek for purposes of determining the amount of overtime hours worked and the overtime premium due.

X.

Since October 13, 2013 or earlier, Defendants failed to keep true and accurate records of the hours that their employees worked, in violation of Section 11 of the Act, 29 U.S.C. § 211, and the regulations thereunder, specifically 29 C.F.R. Part 516, including by failing to accurately record the daily hours worked by employees, failing to combine employees' hours worked across the Restaurants in a workweek, and altering time records.

XI.

Defendants' violations of the Act, as set forth above, were willful. In 2015, at the end of a prior investigation by the Secretary of Defendant Harp and Hound, the Secretary explained to Defendant Roche the concept of enterprise coverage, as well as the minimum wage, overtime, and recordkeeping requirements of the Act. Defendant Roche agreed to comply with the Act going forward. After that point in time, Defendants consistently failed to comply with the Act, as set forth above.

XII.

Since October 13, 2013 or earlier, Defendants violated the aforesaid provisions of the Act, including doing so willfully, as alleged herein.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants as follows:

(1) For an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently

enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from prospectively violating the Act; and

(2) For an order pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), holding Defendants liable for unpaid back wages found due to Defendants' employees listed in the attached Exhibit A plus liquidated damages equal in amount to the unpaid compensation found due; alternatively, in the event liquidated damages are not awarded, Plaintiff prays for an order pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them, from withholding payment of unpaid back wages found due to Defendants' employees, and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621; and

(3) For an order awarding Plaintiff the costs of this action and attorneys' fees; and

(4) For an order granting such other and further relief as may be necessary and appropriate.

> Kate S. O'Scannlain
> Solicitor of Labor
>
> Maia S. Fisher
> Regional Solicitor
>
> /s/ Mark A. Pedulla
> Mark A. Pedulla
> Counsel for Wage & Hour
> pedulla.mark.a@dol.gov
> MA BBO No. 685925

                                                                   U.S. Department of Labor
                                                                  Attorneys for Plaintiff

                                                                  Post Office Address:
                                                                  JFK Federal Building—Room E-375
                                                                  Boston, Massachusetts 02203
                                                                  TEL: (617) 565-2500
DATE: July 9, 2019                                           FAX: (617) 565-2142